## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JOSEPH WRIGHT**
1835 North Leithgow Street
Philadelphia, PA 19122
       *Plaintiff,*

     **vs.**

**WHOLE FOODS MARKET**
2001 Pennsylvania Avenue
Philadelphia, PA 19130

      *Defendant.*

NO. _____

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Joseph Wright, by and through his undersigned counsel, files this Complaint, and hereby avers as follows:

### INTRODUCTION

1.    Plaintiff, Joseph Wright (hereinafter "Plaintiff"), initiates this action to seek redress against the Defendant, his employer, for unlawful racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA") and other applicable law.

### THE PARTIES

2.    Plaintiff is Joseph Wright ("Plaintiff"), an adult individual residing at the above address.

3.     Defendant Whole Foods Market ("Defendant") is a corporation created and existing pursuant to the laws of the Commonwealth of Pennsylvania and registered to conduct business in the Commonwealth of Pennsylvania, with a place of business at the above address.

4.     At all times relevant, the Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or his job duties.

5.     The Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6.     The Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty ("20") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7.     Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9.    The Court may properly maintain personal jurisdiction over the Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over the Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10.   The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11.   The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12.   Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (the Plaintiff was employed in the Eastern District of Pennsylvania at the time of the unlawful actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14.    The Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII and the ADEA:

      a.  On or about May 14, 2012, the Plaintiff filed a timely written charge of discrimination against the Defendant with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") (EEOC No. 530-2012-02461), alleging race and age discrimination;

      a.  The Plaintiff also cross-filed all of the aforementioned charges of discrimination and retaliation with the Pennsylvania Human Relations Commission;

      b.  The instant action is timely because it is initiated within ninety ("90") days of the receipt of a Right to Sue Letter from the EEOC dated May 22, 2013;

15.    The Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

16.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

17.    Plaintiff is an African American male.

18.    Plaintiff was fifty-four ("54") years old at the time he filed his EEOC Complaint with a birthdate of January 5, 1958.

19.    When Plaintiff filed his complaint with the EEOC, he was still employed with Defendant.

20.    Plaintiff began his employment with Defendant on or about February 14, 2008.

21.    Plaintiff was employed at Defendant's location on Callowhill Street in Philadelphia, Pennsylvania.

22.    At the time Plaintiff filed his complaint with the EEOC, he was a cook.

23.    At all times relevant herein, there were numerous promotions available through the Defendant that the Plaintiff was qualified to hold.

24.    Plaintiff applied for various promotions through Defendant's internal website.

25.    It is believed and therefore averred that once an applicant applies for a promotion, he or she is supposed to be interviewed by a team leader for the respective department of the desired position.

26.    It is believed and therefore averred that if a team leader is satisfied with the candidate, Defendant's agents conduct a "second interview" consisting of team leaders and management ("the panel").

27.    It is believed and therefore averred that "the panel" is charged with assessing various candidates after the "second interview".

28. Plaintiff has over twenty ("20") years experience as a chef working with Defendant and various high-end restaurants.

29. It is believed and therefore averred that when Plaintiff began working for Defendant in February 2008, there was only one ("1") minority team leader in the meat department at the Callowhill location.

30. The minority team leader eventually transferred to the Plymouth Meeting location.

31. At the time of his complaint to the EEOC, Plaintiff's team leader was a younger, inexperienced Caucasian female named Sarah Pearlstein.

32. Ms. Pearlstein came to Plaintiff's department from retail and had little to no experience in cooking.

33. Ms. Pearlstein discriminated against Plaintiff in various ways due to his race and age.

34. Ms. Pearlstein told other team leaders that Plaintiff was not qualified for certain positions and did so without giving any serious credence to Plaintiff's credentials.

35. Ms. Pearlstein promoted at least two ("2") younger Caucasian individuals to supervisory positions.

36. The Caucasian individuals promoted by Ms. Pearlstine were younger than Plaintiff and had no experience in culinary arts.

37. Plaintiff made an internal complaint regarding Ms. Pearlstine.

38.    It is believed and therefore averred that after Plaintiff made an internal complaint, Defendant failed to conduct a reasonable investigation into the same.

## COUNT I
### Age Discrimination in Violation of the ADEA

39.    All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

40.    By virtue of his age, the Plaintiff is in the class of persons protected by the ADEA.

41.    The foregoing conduct, in failing to promote Plaintiff because of his age and otherwise subjecting him to adverse employment actions because of his age, constitutes unlawful age discrimination against the Plaintiff.

42.    As a result of the Defendant's unlawful age discrimination, the Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## COUNT II
### Title VII Race Discrimination

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44.    The foregoing actions by the Defendant constitute unlawful discrimination against the Plaintiff on the basis of his race (African-American).

45.  In acting as aforesaid, the Defendant subjected the Plaintiff to disparate treatment on the basis of his race (African-American).

46.  In acting as aforesaid, Defendant subjected the Plaintiff to negative treatment to which similarly-situated non-African-American employees were not subjected, and/or treated similarly-situated non-African-American employees in a more favorable manner.

47.  Defendant, by and through its agents, subjected the Plaintiff to adverse employment actions as a direct result of his race (African-American).

48.  Defendant failed to promote Plaintiff because of his race (African-American) and promoted other similarly-situated non-African-American employees.

49.  As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

## COUNT III
### Violations of 42 U.S.C. § 1981

50.  The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if set forth at length.

51.  At all times relevant herein, Plaintiff maintained a contractual relationship with the Defendant (*i.e.* an employment relationship).

52.  At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against the Plaintiff as a result of his race (African-American) and thereby deny him the benefits of the

contractual relationship he had entered with Defendant by failing to promote him for pretextual reasons.

53. Plaintiff has suffered damages as a direct result of the Defendant's unlawful actions as aforesaid.

WHEREFORE, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

<u>COUNT IV</u>
**Violations of the Pennsylvania Human Relations Act ("PHRA")**

54. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

55. The foregoing actions by Defendant constitute unlawful race and age discrimination, in violation of the PHRA, 43 Pa.C.S.A. § 951, *et seq*.

56. As a result of the Defendant's unlawful conduct, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *Ad Damnum* clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that the Court enter judgment in his favor and against the Defendant and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from permitting discrimination and retaliation against the Plaintiff;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination in the workplace, and are to be ordered to promulgate an effective policy against such harassment and to adhere thereto;

c. The Defendant is to be permanently enjoined from retaliating against the Plaintiff for exercising his rights under federal and/or state law;

d. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of retaliating against employees for engaging in protected activity under federal and/or state law, and are to be ordered to promulgate an effective policy against such retaliation and to adhere thereto;

e. The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and retaliation at the hands of the Defendant until the date of verdict;

f. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by the Defendant's actions as available under applicable law;

g. The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish the Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter the Defendant or any other employers from engaging in such misconduct in the future;

h. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

i. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

j. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

k. The Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action;

l. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

m. The Plaintiff's claims against the Defendant are to receive a trial by jury to the extent allowed by applicable law.  The Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KOLMAN ELY, P.C.**

By: _____

Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
Phone:        (215) 750-3134
Fax:           (215) 750-3138

*Attorneys for Plaintiff*

Dated:        August 20, 2013